**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52959**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 27, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| LUIS ANTONIO CRUZ FERRA, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Patrick J. Miller, District Judge.

Judgment of conviction and unified sentence of seven years, with a minimum period of incarceration of three years, for felony possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Luis Antonio Cruz Ferra pleaded guilty to felony possession of a controlled substance, fentanyl, Idaho Code § 37-2732(c). In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of seven years, with a minimum period of incarceration of three years, and ordered the sentence to run concurrently with any other sentence. Cruz Ferra appeals, contending the district court erroneously considered a different charge for which Cruz Ferra had already been sentenced and that his sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and

1

need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Cruz Ferra's first argument is unpersuasive. While the district court referenced Cruz Ferra's other case and indicated it reviewed the facts of this case, the district court explicitly noted the differences between the two cases and said, "In some respects, what I would do here would be redundant of anything in the newer case." The district court then noted it needed to impose a sentence in this case that was

> appropriate for the crime that was committed here and the danger that presented to the public so the public knows that when there's drug activity and when that drug activity has direct impact on the public, as opposed to the indirect impact that I often talk about, I think I have to impose a sentence that recognizes the seriousness of this offense.

The crime here was felony possession of a controlled substance and the sentence imposed is supported by the record. The district court did not improperly focus on a crime for which Cruz Ferra had already been sentenced when imposing the sentence in this case. Additionally, having applied the above standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in imposing a unified sentence of seven years, with a minimum period of incarceration of three years. Therefore, Cruz Ferra's judgment of conviction and sentence are affirmed.